# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SAMUEL GRAY, | : |
| | : |
| Petitioner, | : |
| | :  CRIMINAL ACTION NO. |
| v. | :  1:99-CR-0386-RWS |
| | : |
| UNITED STATES OF AMERICA, | : |
| | : |
| Respondent. | : |

## ORDER

On October 9, 2013, the Court entered an Order [106] dismissing Petitioner's "Motion Pursuant to New Supreme Court's Descamps v. United States, 133 Sup. Ct. 2276 (2013) May be Applied Retroactively" [105] because the Motion was a second or successive motion that had not been authorized by the Court of Appeals. Thereafter, Plaintiff filed a Motion to Reconsider Order Dated October 9, 2013 [107], an Application to File 28 U.S.C. § 2241 [108], a Motion to Amend "Application to File 28 U.S.C. § 2241" to Motion "Pursuant to 28 U.S.C. § 2241" [109] and a Request to the District Court to Allow Supplement in the Interest of Justice [110]. After reviewing the record, the Court enters the following Order.

As an initial matter, Plaintiff's Motion to Amend [109] and Request to Supplement [110] are **GRANTED**.

On July 27, 1999, a federal grand jury sitting in this district returned a two-count indictment against Petitioner. Count One charged Petitioner with unlawfully obstructing, delaying, and affecting commerce and the movement of articles and commodities in commerce by robbery, in violation of 18 U.S.C. § 1951. Count Two charged him with use of a firearm in relation to the robbery, in violation of 18 U.S.C. § 924(c). Petitioner was found guilty on both counts of the Indictment by a jury.

Prior to the trial, the Government had served Petitioner a Sentencing Information indicating its intent to seek a mandatory life sentence under 18 U.S.C. § 3559(c)(1). The underlying convictions serving as the basis for the Information were a 1990 conviction for two counts of robbery and a 1979 conviction for rape in a Georgia state court. At the sentencing hearing, the Court heard evidence that Petitioner used a dangerous weapon (a screwdriver) as an offensive weapon in the robberies and concluded that he was subject to a mandatory life sentence under § 3559(c)(1) for his conviction on Count One. The Court imposed a consecutive seven-year sentence on Count Two because the Court found that Petitioner had brandished a firearm during the robbery.

At sentencing, Petitioner challenged § 3559(c)(1) as unconstitutional to the extent that it put the burden on him to prove by clear and convincing evidence that his prior robbery conviction should not count as a strike because no dangerous weapon was used. See 18 U.S.C. § 3559(c)(3)(A). Petitioner also asserted that he was subject to only a five-year sentence on Count II because the Indictment had not expressly alleged, and the Government did not prove to the jury, that he brandished a firearm during the robbery giving rise to this case. The Court rejected both arguments.

Petitioner filed a direct appeal and included among the issues raised were his contention that § 3559(c)(3)(A) unconstitutionally places the burden on the Defendant to prove that no dangerous weapon was used in connection with the robbery conviction and that the sentence enhancement of § 924(c)(1)(A)(ii) for "brandishing" a firearm should not apply because that specific allegation was not set forth in the Indictment or proved at trial. The Court of Appeals upheld the constitutionality of the § 3559(c)(3)(A) requirement that a defendant prove that a robbery conviction is a non-qualifying felony. In this pre-Alleyne v. United States, 133 Sup. Ct. 2151 (2013) decision, the Court of Appeals held that "brandishing" was a sentencing factor and not an element of the offense required to be alleged in the Indictment and proved to a jury.

On July 3, 2003, Petitioner filed a Motion Pursuant to 28 U.S.C. § 2255 to Vacate Sentence [82]. Petitioner alleged nine grounds in support of his Motion, all of which claimed ineffective assistance of counsel in violation of the Sixth Amendment. Petitioner did not include any issues regarding the applicability of § 3559(c)(1) to him. However, on July 30, 2004, Petitioner filed a Motion for Leave to Supplement Section 2255 Motion [95] in which he challenged the procedure by which the Court determined the § 3559(c) factors and the "brandishing" issue on the § 924 charge. Finding that Petitioner's proposed supplement would be futile, the Court denied Petitioner leave to file a supplemental motion. (Oct. 6, 2004 Order [96] at 3). The Court also denied Petitioner's Motion to Vacate Sentence. On October 29, 2004, Petitioner filed a Motion to Alter or Amend the Judgment [98] raising objections to the Court's ruling on his Batson challenge. By Order entered November 8, 2004 [99], the Court denied the motion. Petitioner filed an appeal but was denied a certificate of appealability, and the Court of Appeals dismissed the appeal due to Petitioner's failure to pay docketing and filing fees [104].

On September 5, 2013, Petitioner filed a "Motion Pursuant to New Supreme Court's Descamps v. United States, 133 Sup. Ct. 2276 (2013) May be Applied Retroactively" [105]. On October 9, 2013, the Court entered an Order

4

AO 72A
(Rev.8/82)

[106] dismissing the motion because it was a second or successive motion which Petitioner filed without obtaining an order from the Court of Appeals authorizing the motion.

On October 25, 2013, Petitioner filed a Motion to Reconsider the Order dated October 9, 2013 [107]. In his motion, Petitioner urges the Court not to treat his 2013 motion [105] as a second or successive motion based on the holding in Stewart v. United States, 646 F.3d 856 (11th Cir. 2011). In Stewart, the Court held that a § 2255 motion filed after a defendant had his state court convictions vacated was not a second or successive motion. The Court relied on the provision in § 2255(f)(4) that provides that the limitation period for filing a § 2255 motion will run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." The vacatur of the state convictions was the fact that supported Stewart's claim. Therefore, the Court held that, "[t]he phrase 'second or successive' must not be interpreted 'in a manner that would require unripe (and, often, factually unsupported) claims to be raised as a mere formality, to the benefit of no party." Id. at 865 (quoting Panetti v. Quarterman, 555 U.S. 930, 947 (2007).)). Unlike Stewart, Petitioner does not rely upon facts that could not have been discovered through the exercise of due diligence. Rather,

5

AO 72A
(Rev.8/82)

Petitioner relies upon a Supreme Court decision issued after he filed his first § 2255 motion. Therefore, the Court is not persuaded by the holding in Stewart to reconsider its prior ruling.

Rather, the proper analysis of Petitioner's right to proceed is governed by the holding in Bryant v. Warden, 738 F.3d 1253 (11th Cir. 2013). Petitioner apparently recognized this when he filed his "Application to File 28 U.S.C. § 2241" [108]. Bryant sets out the framework for determining when a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 may be filed pursuant to the savings clause of § 2255(e). The savings clause allows a petition to be brought if the petitioner's first § 2255 motion was "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "[W]hether the savings clause in § 2255(e) may open the portal to a § 2241 petition is a threshold jurisdictional issue that must be decided before delving into the merits of the petitioner's claim. . . " Id.

Under Bryant, to show that a prior § 2255 motion was "inadequate or ineffective to test the legality of his detention," a petitioner must establish that "(1) throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had specifically addressed. . .and had foreclosed" petitioner's claim; "(2) subsequent to his first § 2255 proceedings, the Supreme

6

Court[]. . .overturned our Circuit precedent that had squarely foreclosed [petitioner's] claim;" (3) the new rule announced in the Supreme Court decision "applies retroactively on collateral review;" (4) as a result of the new rule being retroactive, the petitioner's sentence exceeds the statutory maximum for his crime of conviction; and (5) and the savings clause in § 2255(e) reaches his claim of illegal detention above the statutory maximum penalty. Id. at 1274.

Petitioner fails to establish that the savings clause applies. Petitioner relies on the Supreme Court's decision in Descamps as the decision overturning Circuit precedent that had foreclosed his claim. However, he fails to establish that the decision has retroactive applicability. On the contrary, "the Supreme Court has not declared its decision in Descamps to be retroactively available on collateral review, nor has the Court found any cases applying Descamps retroactively to cases on collateral review." Jenkins v. United States, Civil Action No. 1:13-CV-3592-CC-JSA, 2014 WL 2918677, at *3 (N.D. Ga. June 26, 2014). Because Descamps does not have retroactive application, Petitioner fails to establish the grounds for opening the portal to a § 2241 petition. See Stevens v. Warden, No. 13-14686, 2014 WL 3456853, at *3 (11th Cir. July 16, 2014) (§ 2241 claims that "are not 'based upon a retroactively applicable Supreme Court decision' . . . fail[] to satisfy the 'savings clause' of § 2255(e)").

7

AO 72A
(Rev.8/82)

Based on the foregoing, Petitioner's Motion to Reconsider [107] and Motion Pursuant to 28 U.S.C. § 2241 [108] are **DENIED**.

**SO ORDERED** this   28th   day of July, 2014.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE